Thank you, Your Honors. Good morning, and may it please the Court. Anthony Dane on behalf of She Hong. I want to focus on two of the three arguments, both in which the jury was allowed to set sail without a compass, so to speak, and I'll start with the last argument first, and that's on the punitive damages phase. Under California law, at a minimum, the plaintiff is required to present some substantial evidence of financial condition. Otherwise, there's nothing on which to give the jury guidance of what a punitive damages award should be. The totality of the evidence in this case was presenting pages from a website of This was raised below at the motion for new trial and judgment as a matter of law, and just to give you... Am I right that it was not in the Rule 50A motion? Your Honor, I believe it was because it was post the verdict. I have to say I don't believe it was in the Rule 50A motion. So I'm confused about how it's fair to them, after the jury has already had its verdict and you haven't objected to this, to raise this issue that maybe could have been solved earlier if it had been raised. So let me give you a background how this issue came up. Immediately post verdict, the court inquired of counsel how it discovery or a break it was ready to proceed immediately to trial. So at that moment the jury was brought... Post verdict immediately to trial? I'm a little bit confused about what you're saying. Post the underlying verdict. Once the jury had reached the verdict on the underlying causes of action, the court took a brief recess and asked counsel at that point whether it wanted recess to do the discovery or whether it was ready to proceed. Counsel for plaintiff indicated that they were ready to proceed. And what was left at that point? Litigating the punitive damages amount? Just litigating the punitive damages amount. So previously there had been motions on the underlying verdict. So immediately we went into the phase of... Can I stop you right there? Yes. Had you bifurcated the punitive damages amount? They said they didn't need discovery. Had you already said you need to show evidence of our financial condition? No, that's not a requirement. Your Honor, that's not a requirement that we express what their burden is. Their burden is, as a matter of law, that they need to show some evidence of financial condition. It's not a requirement that we raise that before. Had there been like discussion about the jury instructions or anything about what the standard would be up to that point? No, no. That's why, in fact, our thought was there would be a break during which there is a process under California law where plaintiff can conduct discovery and determine what evidence it thinks it needs. It can take depositions. It can seek financial... I saw you citing that, but that's a California procedure. So would that even apply in federal court? Absolutely would apply. This is a diversity, it was diversity jurisdiction. It's not a federal case in the first instance. So California law... Right, but in diversity usually federal procedure applies. Federal procedure is how to conduct the trial, but not federal procedure, not federal substantive law and what evidence needs to be presented. No, I'm not saying that. I'm just saying the process. So let's give you that California law requires evidence of financial condition. I'm just trying to figure out procedurally what happened. How did it come up so late in the game and... Procedurally, and again, understand it is not the defendant's burden to explain how the plaintiff must proceed in terms of proving a punitive damages case. The procedure, even in a court, a federal court running its courtroom, can provide for the recess and the court inquired, inquired of counsel, do you need any information? We can be forced as a defendant, we could have been forced to provide the financials, we could have been forced to present people for deposition on that issue before they were required to go into that phase. Plaintiff's counsel said we don't need that and in fact later in the post-trial motions on the punitive damages phase said that they didn't obtain the financials, they didn't make that request, they had that opportunity. The court was not pressing them to proceed to the next phase. So the burden, and this is federal court, state court, any court, it's constitutional that you cannot obtain punitive damages without some evidence of the ability to bear that because the purpose is to punish the defendant as even as plaintiff's counsel or appellee's counsel concedes, it's not to destroy the defendant. So the burden was on the plaintiff to present some evidence of financial condition. Usually there's a Rule 50A motion before a Rule 50B motion though and the Rule 50A motion is in the middle of the case and you can still maybe fix something. So this seems like a Rule 50B motion without a 50A motion? No, but what happened is the magistrate judge inquired whether plaintiff needed any time to present any or to obtain any evidence. Plaintiff's counsel indicated there had been no motion on this issue. It sounds like you're saying there had never been a discussion of this issue yet. Yes, you can't bring a motion when you have no idea what evidence plaintiff is going to present. I mean our view was there was going to be a recess for a day or two in which case we'd go through that period of discovery and presentation of evidence. But the burden was on plaintiff and plaintiff elected to proceed without that information and concedes it didn't have that information. Can I ask you just procedurally, so the plaintiff puts on their case, whatever it consists of, in the punitive damages phase. At the close of that evidence, did you move for judgment as a matter of law on the issue of punitive damages? Your Honor, I honestly don't recollect whether we did move at that time, but I do recall that the court had provided it was going to allow for post-trial argument and briefing on this issue. So I honestly cannot recall on the record whether this was a case of the court saying there would be no prejudice to the post-trial motions or whether one was brought. I honestly . . . At this stage of the proceeding, did you have a chance to argue to the jury on the question of punitive damages? Yes, we had an opportunity to argue to the jury on the question of punitive damages. You had that opportunity to argue. We went immediately . . . The entire submission of evidence was the webpage. And understanding, again, if the plaintiff doesn't meet his burden, it is not our obligation, and this is clear law as well, to present evidence to counter a failure to meet a burden. Did you argue to the jury at that time that they had not met their burden on proving the financial condition? We did not argue that they had failed to present financial condition because that is a legal issue. And that we wouldn't . . . Without instruction to the jury that this is a burden they must meet, we would be arguing in the blind. Was there a jury instruction that says punitive damages shouldn't destroy a company and you have to decide whether this is fair? So were there jury instructions that you had seen in advance? There were jury instructions on punitive damages but did not cover a burden such as specific that you must present financial evidence. So did you have those jury instructions in advance? No. Not on financial condition, Your Honor. No, no, I'm asking the instructions that were given to the jury on punitive damages, were you given them in advance? Yes, standard jury instructions. So why didn't you object to say, wait a second, California law has an element that you haven't included in these instructions? No, California law has a specific requirement that there must be some presentation of financial condition, but that's not an issue for the jury to decide. That's a legal issue. The jury isn't presented, has there been a sufficient showing of financial condition? That is not the law. So how do you think it is supposed to work? We couldn't have presented that. The jury awards something and then the shows financial condition, then they have not met their burden as a matter of law. Right. And that is why I asked, if at the close of the evidence, did you move on that basis? You say you're not sure. No, we brought a post-verdict ruling. Understand, and the court, I think the record will bear this out, that the court said we're going right into on the afternoon after the verdict. I get that, but isn't, so you brought a Rule 50B motion after the jury returned its $6 million verdict? And I believe that is an appropriate time to bring a motion. I'm asking, is that? Yes, yes, absolutely. Okay, but you did not bring a post-close of evidence pre-verdict Rule 50A motion? Correct. Okay. That's my understanding. And I'm counting on the rule now. Does that preserve your ability to? It absolutely preserves it. There was no default and there was no argument to the court afterwards that we had First of all, there was no presentation of what the wealth was in Taiwan. This is an issue raised for the first time on appeal by defense counsel. It was not raised below that punitive damages wouldn't be appropriate in this case. This was in response to having failed to meet that burden. That was not raised below. But I do want to say that the presentation of wealth in Taiwan wasn't even given. All that was presented is the size of the factory, that this was a worldwide operation, and over the course of however many years they'd been in business, they sold a certain number of machines. But why isn't that sufficient? It has nothing to do with financial conditions. I understand that, but why isn't that sufficient under California law? For that very reason. California requires some indicia. Where do they require it? Where do they require it? I've been struggling to find where specifically. I don't see it in any statute. It's a California Supreme Court case. There are different California Supreme Court cases on this issue. Not on that issue. What they say is... There is a 1991 case that gets, at least appears to be cited some, but there appears to be some subsequent case law that muddies that question. The Adams case is the one that I refer to, but subsequent case law appears to muddy that a bit. No, not muddy it at all. What it says is a financial statement is not the be-all or end-all, because you can manipulate financial statements. But you must have some evidence... Michael v. John Crane, Inc. Say it again? I'm sorry, Your Honor. Michael v. John Crane, Inc. cited in the district court's order, it says that our Supreme Court has prescribed no rigid standard for measuring the ability to pay. No, that's exactly the point. It said by no rigid standard, it didn't eliminate that you must have some evidence of financial conditions. So you don't need necessarily... A financial statement is not a be-all or end-all, but you have to have some evidence of revenues, expenses, sales over a period of time, ability as you see in those cases, ability to obtain loans, ability to continue selling in the United States. You have to have some evidence, otherwise you can't have a constitutional determination. And by the way, that's case law all the way up to the U.S. Supreme Court. So there's no muddying of the water. What there is saying is we're not going to rigidly say that it has to be a financial statement. If you look carefully at those cases, actually if you look generally at those cases, you have to have some evidence. You could be... Bank at one point was a very big company, didn't mean they weren't going bankrupt at any particular time. So absolutely there was no evidence, which is why they concede that there was no evidence. Their response is because of the Taiwanese inability to collect in Taiwan, he won't destroy Shihung. But that's not the standard. Whether it would destroy Shihung in Taiwan is not the standard. Shihung could be in a precarious balance. So the relief on punitive damages that you're seeking is what? Just a new trial? No, actually at this point there is no new trial and that's also under law. If you present evidence that fails to meet a burden, that's it. You don't get two shots at the apple. The punitive damages has to go. And I have to add, by the way, the magistrate judge himself said that this was not financial condition. He expressed that. He also expressed he gave him pause at the time and gave him pause then. So without financial condition, he was right. The jury was setting sail without a compass. And unfortunately I can't get to the first argument because I need to preserve even a moment if I can. Punitive damage question. You also make an argument that since California law does not award action, there was no specific award for the tort action or for the fraud action against which punitive damages could be measured. What you can't do is say the way you breached the contract was so egregious we're going to award punitive damages. It must be something separately done. So real quickly, the two issues in that case were first, all of the damages were based on terminating the distribution agreement. That's what caused damages. How do you know that? Well, and this is the key, we don't have to know that because the court limited the verdict. And it was the court that did this. We offered a verdict with interrogatories. The court limited the verdict to only a general verdict. So the key is if we don't know that that tie so to speak goes to the party that's aggrieved, we have no way of there's no way of showing that any of the other causes of action had separate damage awards. And they didn't. They were all tied to the breach of contract. Before the punitive damages trial even happened, did you argue we shouldn't even be having a punitive damages trial because this is just a contract case? No, I'm sorry, Your Honor. It is a contract case and a fraud case where the... So did you say because there was a general verdict we shouldn't even proceed? We're done? No. So why not? And here's why. Because if you can present evidence of a harm that is distinct from the two, distinct from the breach of contract... But wouldn't you have had to do that in the first phase? I thought that's what you were just saying. That's the Rule 50A motion. That motion was brought in terms of the failure of damages for any other of the causes of action. You're making an argument today that because there was a general verdict with a lump sum of damages that didn't say if it was for fraud or contract, there cannot be punitive damages, period, I think is what you're saying. No, I was responding to the question as to how you can know or not know whether any of the damages, separate damages, were tied to torts. Right. So you're saying you can't. I think this is what you're saying. You can't determine... Maybe you're saying it is okay to have punitive damages in this case. Is that what you're saying? No. I'm saying legally it would have been allowed, but as a factual matter, you cannot tell from the verdict that there were any separate damages. And did we know that at the end of the first phase of the trial? Yes. So why didn't you say, we're done here, we should not have a punitive damages phase? Because at that point, we don't know what evidence they're going to present in the punitive damages phase. They could have tied in that phase this distinct harm to this distinct tort, and therefore you should award to the jury punitive damages in an amount that would justify that. That wasn't done. So that can't be done before you even get to it. I would have thought that would be part of the first phase, not the second, but maybe that's not how it played out. No, it didn't. So if I could just... Then I can't get to the other argument, but if I could reserve just the brief moment for reply. Yes, of course. We'll give you a little time for rebuttal. Let's hear from counsel for the plaintiff. May it please the court. Responding to the last point first, the verdict form did have interrogatories as to the various causes of action, and the jury was specifically told that only if you find, from the fraud claim or the tortious interference claim, do you go to the question of malice, fraud, and oppression. On the issue of the lump sum damage, the court specifically said, let's have a damage number for each of the causes of action to address Mighty's concern. And Mighty said, no, we don't want that. And that's at Supplemental Excerpts of Record 13 and 14 to address that point. Now going to the initial point, there may be some confusion. Yeah, you agreed to that too, didn't you? I agreed to it. They jumped up first, and I said, fine, after that. But exactly. But the judge, the argument that the judge insisted on a general verdict, no, the judge did not want one. Now going to the first point, there may be some confusion on how California has this additional element that was put forward by the California Supreme Court to address California punitive damages. First of all, the Ninth Circuit has said this is not constitutional under our due process clauses. So it has nothing to do with that. Secondly, the issue is for the court, the lower court and the reviewing court, to evaluate the punitive damage number. It's not for the jury to hear. There is no requirement that the jury hear this information. And what's interesting to me here is that I've had several arguments recently that have kind of fallen to the same rubric, where you're being faced with the mechanical operation of a rule that is inconsistent with the rule that was developed by the court for a particular purpose. Here in Adams, Adams is absolutely clear. What the California Supreme Court held in that case was there are three factors the courts need to consider in reviewing a punitive award. And the person was arguing there, financial ability to pay is irrelevant. And the court said, no, no, no, no, no. Punitive damages serves a public purpose. So what we want to be able to do is we want to ensure that it does not destroy the defendant. And the court says, you can show that in any variety of ways. And we're not saying which way you need to meet that proof, that this will not destroy the defendant. Subsequently, cases have all involved balance sheets. And courts have repeatedly said, hey, you didn't introduce a balance sheet, therefore you lose, because you didn't make it a little bit different. And the best case that I would refer the court to is the Rufo case. Because in the Rufo case, it was undisputed that the award many times exceeded or significantly exceeded the entire net worth of the defendant in that case. But the defendant had a pension fund, a $4 or $5 million pension fund. And the court said, look, that can't be touched by any punitive damages. He has assets outside the reach of the court, therefore it is, even if it exceeds his net worth, it is perfectly fine. And again, that's for the court to decide. And here we have that exact same situation. We provided the court with evidence that Taiwan, the Taiwan court, will not recognize the punitive damage portion of this case. So what does the punitive damage portion of this case amount to? The public policy of the United States. We had a jury decide, we don't like people doing business this way in our community. And so now with this judgment, if Xi Hong wants to do business in the United States, they must pay the penalty for engaging in this type of conduct. But the evidence we showed, you know, they say it's just a website, but why shouldn't there be, why shouldn't there be at least some evidence that shows that their activities in the United States gives them some ability to pay that judgment? Well, what the evidence does show is they have no assets in the United States. So if we were looking at U.S. assets and wealth, it's zero. The evidence shows no assets? Because what they do and what's in, I believe it's in the record, but what was deduced at trial is that the way they sell all their machines is by letter of credit. We need to issue a letter of credit. Title is transferred at the docks in Hong Kong. So they have nothing in the United States. They didn't seek it with a disc outside the record, but they have no assets in the United States. So notions of net worth and how do they have any financial ability to pay the punitive damage award? Well, if they want to, the way we, the way we plan on doing it is if they want to continue to do business in this country and they're shipping machines here, we can go to those customers saying you can't pay for a Shihong machine until we get this penalty that society says they should pay. Doesn't there have to be some evidence of what that business is or may be? But it doesn't, this is where it's interesting. This is the first case I've seen involving an international entity. What we do know is the United States is not close to their biggest, their biggest business. They have, what is it? I think seven, they have 300 distributors in 70 countries. They have, so they build these big machines for people who build other machines which are shipped to the United States. There's no reason to believe, and I think this is what the lower court found. There's no reason to believe that this is going to have any impact on their business anywhere else in the world other than the United States because it can't be enforced other than we're doing business here. The magistrate judge talked about the number of facilities they have and the number of offices. I don't see anything about this idea about the law in Taiwan not allowing collection. So can you show me where you made that argument? We didn't raise that argument below, but then again, the standard, what you're looking at here is what the lower court looked at, but then you're free to make your own determination on that. So I'm allowed to introduce that evidence here because you're not necessarily, as Adam says, this evidence is for the district court and the reviewing court. So you are free to consider the evidence that the judgment is not enforceable in Taiwan, even though it wasn't before, because this is a policy issue set forth by the California Supreme Court. So the procedural arguments, I'll give on the procedural arguments that this wasn't preserved. You think it was preserved? I don't think it has to be. When you read Adams and you read the subsequent cases. Adam says the standard jury instruction on punitive damages given in this case expressly directed the jury to consider the defendant's financial condition. If that's the standard jury instruction in California, and it seems to me Adams is saying that's something that the jury should consider. I don't understand why both of you are assuming this isn't a question for the jury. Because when you read Adams and the subsequent decisions, what they say, it's very similar to the BMW analysis that happens in federal court. Regardless of what the jury does in punitive damages, the federal constitution requires federal judges to consider whether or not that award violates due process. What California has done is they've required specific evidence or types of evidence for the courts and reviewing courts to consider in making that determination. And that's independent of what the jury did. So we're not here to decide, oh, the jury should have heard this evidence, or someone else should have heard this evidence. This is in your evaluation. Is it sufficient? That's why if the evidence is insufficient, you don't go back to a new trial. It's just decided. That was going to be my next question. So if we don't agree with you on the position you're advocating now, then the punitive damages award is just erased and the judgment would have to be... It's absolutely erased. But if you're looking at the public policy that is being underwritten here by Adams, it's fully served here. Because what Adams says is, is there a reason? And the lower court, looking at lesser evidence, said, I believe this evidence meets the Adams threshold. It will deter, but I have no reason to believe it will destroy. Because they have all of these assets overseas. They have... Most of their operations are overseas. This just affects their ability to do business here. The problem I have with your argument is we don't know anything about the liabilities on the other side of the balance sheet. And without that, the fact that they have this asset or that asset doesn't tell us anything. But what you do know is you know Rufo. What you do know is the vast majority of their business is immune from this judgment. So what? So it's a zero everywhere. Let's say that in Taiwan, where all these assets apparently are, let's say that they're underwater by half a billion dollars because they're over leveraged. Whatever. We don't know anything about the liability side. So let's just assume that that's really the case. And we don't know because you didn't bother to take discovery that, as your opponent said, you were entitled to take. So if that's the reality, then how would we affirm the judgment? Two issues, because there's actually one case, and I think I have the site for it here. There are instances where people have had massive billion dollar negative net worth. Well, what we do know is Shi Hong today continues to sell multimillion dollar machines all around the world to lots and lots of people. And the impact of this punitive judgment on any of that business is zero. So there's no way this judgment alone could have any impact on Shi Hong. If Shi Hong had assets in here, accepting your argument, had assets here, and we took assets here they had, then your argument, oh, they're substantial negative. That's how you're planning to collect, isn't it? You just said you're going to try to stop them from delivering products. Going into the future. And the issue is whether or not we're ever going to be able to do that. What we can do is stop customers from paying them for machines. But we're not going to be able to seize the machines. Maybe that'll destroy them because they need that money. I mean, I don't understand how you can both collect, but also say it has no impact on them. Because they do the vast majority of their business outside the United States. There's been no showing. There's no evidence and no reason to believe. The claims here is we weren't doing much business in the United States and that's why they terminated us because they were doing such better business everywhere else and they should be able to sell to other people here. That clearly shows that they're not dependent on U.S. business and they don't understand why other countries can sell a lot more than the United States. So the decision here is do you have a reason to believe that this judgment will have any impact on that company's viability? And there's no reason to be because even if you looked after they terminated us, they sold little or nothing into the United States and only sold it to our customers. But why didn't you bother to take any discovery on financial conditions? And that's where the confusion is here. When the same jury has to hear the punitive damage amount that determined the fraud, malice and oppression. So it's not like, oh, we're going to go take a three week break to do some discovery on punitive damages in order to make that proof. Secondly. What did you ask for one day for one deposition? Typically when you litigate in California, it flows right away. I have never seen a court in deciding this issue under California law, keep a jury in session and let the lawyers go do discovery for a couple of days. So why didn't you do discovery during the discovery phase of this case then before the trial even happened? Well, it's for the fundamental reason that Adams and subsequent cases have held. Xihong is a privately held company in Taiwan. I'm going. They don't have I mean, I doubt they have audited financials or anything. So how I have no way of knowing. You could have asked and then have them respond. And if they don't respond, maybe you have some argument that they there should be some presumption against them or something. But if you didn't ask, how do we have any idea? Maybe they would have answered you. I agree. I could have during discovery. There could have been requests for financial statements at the time when we're at we're on Friday afternoon, the jury wanted to go home. There was no evidence submitted during the punitive phase. The Web's while the Web's they keep saying, oh, this website, the website was admitted as an exhibit at trial. The witness on the stand testified. We sell we have 500 employees. We sell thousands of these machines everywhere all over the world. We were a very large company. They're the largest exporter of that's the evidence as well. They're the largest exporter of these types of machines in Taiwan. So that was that was our evidence. We didn't have any. We should. Could we have that evidence? Yes. Under Rufo, do we need that evidence? No. Under Adams, do we need that evidence? No, because this judgment cannot touch any of the actual assets of this company. So the impact of the punitive award on their assets is zero. At best, we can hope in the future of preventing other customers from doing business with them that may want to cause them to pay the judgment. But I don't think it's actually if it's all done by letter of credit, I don't believe we can those moments when the money goes across the sea, we can seize it. And as the evidence is in the record is if the title of the machine transfers in Hong Kong, when it hits the dock here, we can't seize that machine because it's not theirs. I think that covers the punitive damage points, I think on the on the other points will stand on our record. The court has any other questions I'm happy to answer. OK, thank you for your argument. We'll give you a couple of minutes for rebuttal. Thank you, Your Honor. First, most of what counsel just argued is off the record, this idea we're continuing to sell. There's no evidence was presented to the jury at that time about a continuation to sell what sales were even worldwide, whether the sale, the verdict here would cripple them financial financially. I've done a number of trials. I know counsel has experienced. I thought you said you don't have to present that to the jury. No, exactly. We don't. But they do this argument that you can't say you said they could present it to the court. And that's why it doesn't need to be in the jury instructions. No. And this is where my second point. This is where I failed you because I didn't understand, Your Honor, what you were saying. The instruction says the jury can can must consider the financial condition. What I thought you were saying is there should be some instruction on what that evidence must be, because California law says you must have some indicia of financial condition. It doesn't go that far. Legally, that's just a legal standard. Have you met your burden? That's where they failed because they presented there was a jury instruction. In this case, the jury instruction was exactly as you read it, what the jury should consider. But that's not fair. That's where I say it's setting sail without a compass. What evidence did the jury have then? None. The jury had a a the jury had a Web page. That was it. A Web page that said how big their facility is in Taiwan, that they have distributors. At the end of the evidence to the jury, why didn't you say that there's an element as the jury instruction state, there's an element and they've presented no evidence on it. Well, we argued to the jury that there wasn't evidence sufficient to to meet their standard. But that's not the legal. I mean, that doesn't do anything. The jury could say we disagree. We without an instruction that says which maybe that should be the case in the future. You have to present financial statements and revenue sources, obligations. Your Honor, I have done punitive damages phases. You ask for a recess of a day or two. The courts give it. Juries live with it. And you conduct discovery right there. We had the personnel that were there present to conduct the discovery during the the pretrial phase. They could have sent interrogatories. They could have taken depositions, could have asked for leave of court to get whatever information they want to determine the impact. Their response was we don't need it. We're ready to go now. And how can we say that a six million dollar award, which closely matches the underlying verdict, really just wasn't, hey, let's just throw in six million. When I say setting sail without a compass, I'm not a sailor, but I know that's dangerous. And that's what happened here. Thank you, counsel. Thank you, Your Honor. Appreciate the arguments. The case just argued will be submitted.
judges: Fisher, Watford, Friedland